IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAJI BRELAND, | : | Civil No. 3:23-CV-1473 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Bloom) |
| | : | |
| WILKES BARRE | : | |
| SCHOOL DISTRICT, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Factual Background

This case comes before us for a second screening review of the plaintiff's *pro se* amended complaint. The plaintiff, Haji Breland, brought this action against the Wilkes Barre School District and the Wilkes Barre Police Department. (Doc. 1). His initial complaint alleged a violation of Title VII of the Civil Rights Act against these entities arising out of his former employment with the school district and conduct that he claims amounted to racial discrimination. (*Id.*). Breland filed a motion for leave to proceed *in forma pauperis*, which we granted, but upon an initial screening review, we concluded that the complaint failed to state a claim

upon which relief can be granted. (Doc. 6). Specifically, we concluded that while Breland's complaint appeared to allege facts to support a Title VII claim, the complaint was entirely devoid of a claim for relief in violation of Rule 8 of the Federal Rules of Civil Procedure. (*Id.*). Thus, we recommended that Breland's complaint be dismissed without prejudice to him filing an amended complaint, a recommendation that was adopted by the District Court. (Docs. 6, 8).

Breland filed an amended complaint on December 1, 2023. (Doc. 7). The amended complaint largely mirrors the allegations in Breland's initial complaint. Thus, Breland alleges that in March of 2022, while he was employed as a night custodian in the Wilkes Barre School District, he was racially profiled by two Caucasian employees. (Doc. 7 at 2, 6). He asserts that even after informing these employees that he worked at the school, they called the police, who arrived at the school and questioned Breland about a missing child. (*Id.*). Following this initial encounter with law enforcement, Breland asserts that he was harassed on several occasions by officers from the Wilkes Barre Police Department. (*Id.* at 4-5). After reporting the harassment to his union representative and the Superintendent of the school district, Breland alleges that the school

district attempted to cover up the harassment and intimidate him because he reported the harassment. (*Id.* at 2-3). As relief, Breland requests compensatory damages, including damages for emotional distress, back pay, front pay, and lost benefits, as well as punitive damages. (*Id.* at 6).

Construing the amended complaint liberally, as we must, we conclude that Breland's complaint alleges enough factual allegations to support Title VII discrimination and retaliation claims. Accordingly, we recommend that the amended complaint be served on the defendants.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted. *Id.* This statutory preliminary screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for

3

"failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

As the Third Circuit Court of Appeals has aptly summarized:

[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the

complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination. *See Pryor v.*

*Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'" *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)). We must apply the relevant law even if the *pro se* plaintiff does not mention it by name. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). However, a *pro se* complaint must still meet the basic requirements of Federal Rule of Civil Procedure 8, which states that a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

### B. This Complaint should be Served on the Defendants.

Breland asserts his claims against the defendants under Title VII of the Civil Rights Act, alleging racial discrimination and retaliation.

6

After consideration, we conclude that Breland has asserted factual allegations that are sufficient to allege discrimination and retaliation under Title VII.

To state a claim of racial discrimination under Title VII, a plaintiff must allege that (1) he is a member of a protected class; (2) he was qualified for the position he was in; (3) he suffered an adverse employment action; and (4) there are circumstances giving rise to an inference of unlawful discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). Additionally, to state a retaliation claim, a plaintiff must show that (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection between the protected activity and adverse employment action. *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006).

Here, as we determined in our initial screening review, Breland's factual allegations appear to meet these pleading requirements. The gravamen of Breland's complaint is that he was singled out by two Caucasian teachers and Caucasian police officers, who he alleges harassed him because of his race. He further asserts that when he reported the harassment to the administration at the school district, the

school district tried to cover it up and intimidate him, and later discharged him from employment. Breland has also included a request for monetary relief in his amended complaint in the form of compensatory and punitive damages. In our view, this *pro se* amended complaint meets the pleading standards, and accordingly, we recommend that the amended complaint be served on the defendants.

## III.   Recommendation

Accordingly, IT IS RECOMMENDED that the plaintiff's amended complaint (Doc. 7) be served on the defendants.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her

discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of March 2024.

*s/ Daryl F. Bloom*
Daryl F. Bloom
United States Magistrate Judge
