### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAJI BRELAND, | : | No. 3:23cv1473 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Bloom) |
| | : | |
| WILKES-BARRE SCHOOL | : | |
| DISTRICT and WILKES-BARRE | : | |
| POLICE DEPARTMENT, | : | |
| **Defendants** | : | |

## ORDER

Before the court for disposition is Magistrate Judge Daryl F. Bloom's report and recommendation ("R&R") that recommends that the above-captioned case be dismissed due to plaintiff's failure to prosecute. (Doc. 31). No objections to the R&R have been filed and the time for such filing has passed.

Therefore, in deciding whether to adopt the report and recommendation, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

A review of the instant case indicates that plaintiff has indeed failed to prosecute.  As of the date of the R&R, plaintiff had not filed anything in the case since December 1, 2023 when he filed the amended complaint.  (Doc. 7). Plaintiff has missed deadlines for filing briefs regarding several motions to dismiss and a motion for a more definite statement.  He also failed to respond to Magistrate Judge Bloom's order which provided him until October 14, 2024 to respond to the motions even though he had missed the original response deadlines.  (Doc. 27).  Due to plaintiff's failure to file timely briefs and failure to comply with a court order, dismissal of this action for failure to prosecute is appropriate.  Therefore, the court finds no clear error or manifest injustice in the R&R.  Accordingly, the court will adopt the R&R, and the case will be dismissed.

Although plaintiff did not file objections to the R&R, he did file a letter to the court wherein he seeks additional time to find representation.  (Doc. 32). Accordingly, out of an abundance of caution, the dismissal of the plaintiff's complaint will be without prejudice.  Plaintiff will be provided thirty (30) days to obtain counsel.  If he does so and counsel moves to reopen the case within thirty (30) of the date of this order, the case will be reopened.  Otherwise, at the end of thirty (30) days, the dismissal of the case will convert to a dismissal with prejudice.  No extensions of this deadline will be granted.  Accordingly:

1) Magistrate Judge Bloom's R&R (Doc. 31) is hereby **ADOPTED**;

2

2) This action is **DISMISSED** without prejudice for failure to prosecute;

3) Unless plaintiff obtains counsel and counsel moves to reopen the case within thirty (30) days, the dismissal will convert to a dismissal with prejudice; and

4) The Clerk of Court is directed to close this case.

Date: 11/8/24

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

3